UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT J. TROISE,

                              Plaintiff,

      -v.-                                            5:18-CV-734
                                                                     (BKS/ATB)

SUNY Cortland NY,

                              Defendants.

---

ROBERT J. TROISE, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

The Clerk has sent to the court for review a complaint, transferred to the Northern District of New York from the Northern District of Texas. (Dkt. Nos. 1, 9-10). On May 9, 2018, U.S. District Court Judge Reed O'Connor granted plaintiff's motion to proceed in forma pauperis ("IFP"), based upon plaintiff's financial status, for purposes of transferring the case to the Northern District of New York.[1] (Dkt. No. 8) (citing 28 U.S.C. § 1915(e)(1)). However, Judge O'Connor noted that plaintiff's case could be dismissed at any time "if [the court] determines the . . . action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief." (Dkt. No. 8) (citing 28 U.S.C. § 1915(e)(2)).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

---

[1] The court notes that plaintiff originally filed this action on November 14, 2017 in the Northern District of Texas. (Dkt. No. 1). Plaintiff improperly completed his IFP form on two occasions, causing the court in Texas to refrain from considering his action. (Dkt. Nos. 2-3, 6). On January 16, 2018, plaintiff filed a corrected motion to proceed IFP, and the case was transferred on June 22, 2018. (Dkt. Nos. 7, 8, 10).

319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiffs' complaint under the above standards, keeping in mind that pro se pleadings are interpreted to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## II. Facts

Plaintiff has filed this action on a form that does not indicate any basis for the court's jurisdiction. Plaintiff is suing the State University of New York ("SUNY") Cortland for what appears to be employment discrimination. He begins with the statement that he has been subjected to age and sex bias discrimination. The court will

assume that plaintiff is claiming employment discrimination based on age pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 (c)(1) and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Although plaintiff's complaint is vague, it appears that he claims that he applied for a job at SUNY Cortland, and that at the time he was hired,[2] only three references were needed. (Complaint ("Compl.") (Dkt. No. 1). Plaintiff claims that he submitted four references, but that two "didn't turn out," and he believes that for "[m]ost places 2 are enough." (*Id.*) He also claims that some employers will give the applicant time to get other references. Plaintiff alleges that the defendant refused to interview him, and that "[t]he co they use it call skills, questions ask have nothing to do with refs, and ask tech questions. Which had nothing to due [sic] with the job."

Plaintiff then states that the person who was hired did not have the experience that the defendant was seeking. Plaintiff states that the job required "dealing with courts and police," and that the person who was hired only had "keyboarding skills," and that plaintiff possessed the same skills.[3] Plaintiff states that he brought his claim to the New York State Division of Human Rights, and it was investigated by Mike Habit,

---

[2] It is actually unclear whether plaintiff was hired or not because of the way that the complaint is written. He states in the first paragraph that he was "hire [sic]," but then appears to claim that, after he had problems with his references, defendants sent him another "canvas letter" and refused to interview him.

[3] Although plaintiff claims that the person who SUNY hired did not have the skills that the college was seeking - dealing with the courts and the public - he did not state that he had those skills. Plaintiff stated only that he and the person hired had keyboarding skills.

3

who "heard the bias remark during an interview with SUNY HR."[4]  Plaintiff states that the "SUNY HR Admin" refused to ask if "the person" was male or female or whether the person was under or over age 40.  However, plaintiff has neglected to state his own age for purposes of age discrimination, and he neglects to state that SUNY hired someone who was under 40 years old or even that the person was younger than plaintiff.[5]  Plaintiff does claim that the individual who was hired was female and was not on the Civil Service List, but never states her age.[6]  Plaintiff also states that the Equal Opportunity Employment Commission ("EEOC") was supposed to mail him his "90 day right to sue," and that plaintiff had called a number of times.[7]

As the complaint is written, it is very difficult to determine whether plaintiff states a claim.  Even though plaintiff claims that the EEOC has failed to send him his Right-to-Sue letter, plaintiff has neglected to indicate when any of the conduct forming the basis of this action took place.  Plaintiff also fails to state the basis for an age discrimination claim since he has not indicated that he is in the protected class, but the individual who was hired was not.  Before I undertake a review of plaintiff's case under

---

[4] Plaintiff refers to a biased remark, but never indicates what that remark was or what kind of "bias" was shown by this "remark."

[5] Under the ADEA, the plaintiff must show that he belonged to a protected class, he was qualified for the position that he held or that he sought, he suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to the inference of discriminatory intent. *Cargian v. Breitling USA, Inc.*, No. 15 Civ. 1084, 2016 WL 5867445, at *3 (S.D.N.Y. Sept. 29, 2016) (quoting *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)), appeal filed, (2d Cir. Oct. 24, 2016).  In this case, plaintiff has even failed to specify what position he was seeking, other to state that it dealt with dealing with courts and police.

[6] Plaintiff states that he was on the Civil Service List.

[7] The court assumes that plaintiff has been unable to obtain his Right to Sue letter from the EEOC.

section 1915 and the standards discussed above, I will allow plaintiff to amend his complaint to clarify the claims that he is attempting to make, to indicate the dates that the conduct occurred, and the date that the EEOC decided plaintiff's case. If plaintiff still does not have the EEOC decision or the Right-to-Sue letter, he may so indicate in the amended complaint and at least give the court an idea when his claims accrued.

If plaintiff chooses to submit an amended complaint, he should submit a **completely new complaint**, clarifying the facts which lead him to claim that he was discriminated against based on his age and his sex. Any amended complaint should also include the dates of the defendant's alleged conduct as well as the approximate date of the EEOC decision if plaintiff is not able to obtain his Right-to-Sue letter.

The court also notes that in November of 2017, plaintiff filed three documents that he calls "Discovery." (Dkt. No. 5). Two of these documents appear to be the two references "for SUNY Cortland" to which plaintiff refers in his complaint. The third document is a letter from the Northern District of Texas denying plaintiff's request for "registration" for its Electronic Filing System ("ECF"). If plaintiff files an amended complaint, he may ask the court to attach the two references from Dkt. No. 5, but should exclude the letter from the Northern District of Texas. If plaintiff chooses not to file an amended complaint, I will review the original and make my recommendation accordingly.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff be given **UNTIL FRIDAY AUGUST 10, 2018**, within which to submit a proposed amended complaint to this court, or request an extension of time to submit a proposed amended complaint, clarifying his claims as the court has discussed above, and it is

**ORDERED**, that if plaintiff chooses to submit a proposed amended complaint, the Clerk is directed to send the complaint to me for my review, and it is

**ORDERED**, that if plaintiff fails to submit a proposed amended complaint or request an extension of time within which to do so by August 10, 2018, the Clerk is directed to return the original complaint to me for my initial review of the merits under section 1915.

Dated: June 25, 2018

*[Signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge