# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ROBERT J. TROISE,

                            Plaintiff,

      -v.-                                             5:18-CV-734 (BKS/ATB)

SUNY Cortland NY,

                            Defendants.

ROBERT J. TROISE, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## DECISION and ORDER

On November 17, 2017, the Clerk sent me this complaint, which was transferred to the Northern District of New York from the Northern District of Texas. (Dkt. Nos. 1, 9-10). Plaintiff also filed additional documents, part of which contain some information that appears to be relevant to his complaint. (Dkt. No. 5). Plaintiff referred to these documents as "Discovery." (*Id.*) On May 9, 2018, U.S. District Court Judge Reed O'Connor granted plaintiff's motion to proceed in forma pauperis ("IFP"), based upon plaintiff's financial status, for purposes of transferring the case to the Northern District of New York.[1] (Dkt. No. 8) (citing 28 U.S.C. § 1915(e)(1)). However, Judge O'Connor noted that plaintiff's case could be dismissed at any time "if [the court] determines the . . . action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief." (Dkt. No. 8) (citing 28 U.S.C. § 1915(e)(2)).

---

[1] The court notes that plaintiff originally filed this action on November 14, 2017 in the Northern District of Texas. (Dkt. No. 1). Plaintiff improperly completed his IFP form on two occasions, causing the court in Texas to refrain from considering his action. (Dkt. Nos. 2-3, 6). On January 16, 2018, plaintiff filed a corrected motion to proceed IFP, and the case was transferred on June 22, 2018. (Dkt. Nos. 7, 8, 10).

On June 25, 2018, after reviewing the complaint and the additional documents, the court had some concerns about plaintiff's ability to state a claim. Thus, I issued a Decision and Order, directing plaintiff to submit an amended complaint for the court's review in an attempt to explain his claims before I formally reviewed the complaint and issued any further orders. (Dkt. No. 11). I gave plaintiff until August 10, 2018 to submit a proposed amended complaint.[2]

On August 6, 2018, plaintiff filed a document in response to my June 25, 2018 Decision and Order. (Dkt. No. 12). Although this document is not a complete amended complaint as the court requested, plaintiff attempted to "answer" all the concerns raised by the court in its Decision and Order.[3] As I stated in my June 25th Decision and Order, plaintiff is suing the State University of New York ("SUNY") Cortland for what appears to be employment discrimination. Without citing any specific laws, plaintiff alleged that he was subjected to age and sex bias discrimination. (Dkt. No. 1). The court assumed that plaintiff was claiming employment discrimination based on age pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(c)(1) and sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Plaintiff's most recent submission, read together with the original complaint and the "Discovery" documents, does clarify the facts upon which plaintiff's claims are

---

[2] Normally, in such a situation, I would have referred plaintiff to the Pro Se Assistance Program in the Northern District of New York for assistance. However, plaintiff lives in Texas and the referral was not practicable.

[3] At the end of the one-page document, plaintiff states: "I BELIEVE I ANSWER [SIC] THE COURTS [SIC] QUESTIONS, AND IF THE COURT WOULD SERVE SUNY CORTLAND." (Dkt. No. 12).

based. Plaintiff states that he applied for a job at SUNY Cortland, and he had the appropriate experience for the job in question. However, the Human Resources "person" told plaintiff that they had a "woman in that job," and SUNY Cortland would "hire her after she rank [sic] on the NYS Civil Ser [sic] List." (Dkt. No. 12). Plaintiff seems to claim that, instead of hiring plaintiff, SUNY Cortland hired a less experienced woman, establishing sex discrimination. Plaintiff also alleges that no one would tell him how old the woman was, but he is "a member of the protected class" for age discrimination. (*Id.*) Plaintiff also claims that the EEOC "investigated" in 2017, but has refused to issue plaintiff a Right-to-Sue letter, despite several calls from the plaintiff. (Compl. at 1, Dkt. No. 12).

Under Title VII and the ADEA, plaintiff must file his charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in federal court. *McClendon v. Brox County Dist. Attys. Office*, 764 F. Supp. 2d 626, 629 (S.D.N.Y. 2011) (citing 42 U.S.C. § 2000e-5(e)-(f); *Pikulin v. City Univ. of New York*, 176 F.3d 598, 599 (2d Cir. 1999)) (Title VII). *See also* 29 U.S.C. § 626(e) (ADEA). If the EEOC dismisses the charges or has not initiated suit within 180 days of the filing of charges, the plaintiff must be notified, and informed of his right to pursue judicial remedies. *Id.* In order to be timely, plaintiff's federal civil complaint must be filed within 90 days of his or her receipt of the Right-to-Sue notice. *Id.* (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984)). A Title VII plaintiff must include his or her Right-to-Sue letter with his complaint, while the ADEA does not require that the letter be included.[4] *Slootskin v. John Brown Engineering & Const, Inc.*,

---

[4] The ADEA provides that an individual may bring a civil action, beginning sixty days after the filing of an EEOC charge and/or within 90 days of receipt of the Right-to-Sue notice. *See Francis v.*

3

No. 3:03-CV-2016, 2006 WL 516748, at *5 n.1 (D. Conn. Mar. 1, 2006).

I noted plaintiff's failure to include his Right-to-Sue letter with his original complaint for Title VII purposes as well as plaintiff's failure to even indicate when his claims were decided by the EEOC. (Dkt. No. 11 at 5). Plaintiff has still failed to submit any specific information about the date of the EEOC decision, although he states that the claim was brought to the EEOC in 2017, but he "never heard back." (Dkt. No. 12). The court is concerned that a dismissal at this time could affect plaintiff's ability to file a Title VII action, depending on when the EEOC issued the letter, if such a letter was issued. If the letter was issued, plaintiff's time to file would be running, and if it was not issued, his time to file a federal law suit would not yet have begun.[5]

Although plaintiff's complaint is still vague and disjointed, at this time, the court finds that plaintiff has stated enough facts to survive initial review. Rather than have the plaintiff make another attempt at amending his complaint, I will direct the Clerk to file plaintiff's submissions as part of plaintiff's original complaint and direct service of the entire document on defendant SUNY Cortland.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk is directed to file Docket No. 12 as Exhibit 1 to plaintiff's complaint, and the Clerk is directed to file Dkt. No. 5 as Exhibit 2 to plaintiff's complaint, and it is

---

*Elmsford Sch. Dist.*, 442 F.3d 123. 127 (2d Cir. 2006) (citations omitted).

[5] The court notes that although a litigant may be entitled to equitable tolling, it is appropriate only in "'rare and exceptional circumstances.'" *McClendon*, 764 F. Supp. 2d at 629 (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003)).

**ORDERED**, that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**.[6] The Clerk shall issue a summons and forward it, along with a copy of the complaint, together with Exhibits 1 and 2, a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, and the Initial Discovery Protocols for Employment Discrimination Cases Alleging Adverse Action, to the United States Marshal for service upon the named defendant, and it is

**ORDERED**, that the Clerk provide plaintiff with a copy of the Discovery Protocols for Employment Discrimination Cases Alleging Adverse Action, and it is

**ORDERED**, that a formal response to plaintiff's complaint be filed by the defendant or defendant's counsel as provided in the Federal Rules of Civil Procedure, subsequent to service of process on the defendant, and it is

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me, and it is

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel. **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy was served upon all opposing parties or their attorneys may be stricken by the Court.</u>** Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All motions shall comply with the Local Rules of Practice of the Northern

---

[6] The Court notes that although plaintiff's IFP application has been granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

5

District, and it is

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

Dated: August 7, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge