UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT J. TROISE,

                                    Plaintiff,                  5:18-cv-00734 (BKS/ATB)

v.

SUNY Cortland NY,

                                    Defendant.

---

**Appearances:**

*Plaintiff, pro se*:
Robert J. Troise
Wichita Falls, TX 76308

*For Defendant*:
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General, of Counsel
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff Robert Troise brings this action against Defendant State University of New York at Cortland ("SUNY Cortland"). (*See* Dkt. No. 1). Plaintiff appears to allege age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634, and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. (*See* Dkt. No. 1; Dkt. No. 21-2, at 8). He seeks $300,000 in damages. (Dkt. No. 26). United States Magistrate Judge Andrew T. Baxter granted Plaintiff's motion to proceed in forma pauperis on August 7, 2018. (Dkt. No. 13). Currently before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 21), which Plaintiff opposes, (Dkt. No. 23). For the reasons that follow, Defendant's motion is denied.

## II. FACTS

### A. Plaintiff's Allegations[1]

As best as the Court can determine from the vague and disjointed assertions in the complaint, Plaintiff alleges the following. In 2015 or 2016, Plaintiff applied for an office assistant position at SUNY Cortland. (Dkt. No. 1; Dkt. No. 1-1, at 1; Dkt. No. 1-2, at 1). The position "had to do with dealing with the courts and police," and Plaintiff had experience interacting with both. (Dkt. No. 1). Plaintiff indicates that he provided four "excellent" references for the position. (Dkt. Nos. 1, 1-2). To the extent the Court is able to discern, Plaintiff alleges that he was "interview[ed] by the dir[ector] and the supervisor" of the "student conduct office" at SUNY Cortland. (Dkt. No. 1-1, at 1). Plaintiff alleges that Defendant "hir[ed]" him because they "like[d] how [he] answer[ed] their question[s] and how [he] knew the duties on how th[e] dep[artment] operates with both the courts and police." (*Id.*). At the same time, however, Plaintiff alleges that Defendant ultimately hired a less qualified woman for the job: both he and the woman had keyboarding skills, but the woman lacked the experience Plaintiff had interacting with courts and police. (Dkt. No. 1; Dkt. No. 23, at 1). The Complaint does not indicate the age of the woman Defendant ultimately hired.

The facts alleged in the Complaint indicate that, sometime thereafter, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"). (Dkt. No. 1). During the subsequent investigation in 2017, NYSDHR Investigator Mark Halbit heard a SUNY Cortland human resources administrator "refuse to say if [the woman hired] was under or over [the] age [of] 40 when asked." (Dkt. No. 1-1, at 1). That same "SUNY HR person [also] said . . . they had a woman in that job" as a temporary employee and that they intended to "hire her after

---

[1] **All facts are taken from the Complaint and its exhibits and are assumed to be true for purposes of Defendant's motion.** *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

3

she rank[ed] on the NYS Civil Ser[vice] list."² (*Id.*). Plaintiff, however, had already "pass[ed] the NYS Civil Ser[vice] Test and the interview"; Plaintiff claims that the NYSDHR investigation revealed that SUNY Cortland hired the less qualified woman because "they wanted a [woman] in that job." (Dkt. No. 23, at 1). Plaintiff further alleges that, although his claim was denied because the NYSDHR "does not take action against" New York State agencies such as SUNY Cortland, Halbit reported the human resources administrator's "remark of discrimination" to his supervisors. (*Id.*).

Plaintiff appears to allege that his complaint was faxed to the U.S. Equal Employment Opportunity Commission ("EEOC") in 2017. (Dkt. No. 1-1, at 1). Plaintiff asserts that "EEOC [h]as yet to issue a right to sue letter," even though he "ask[ed] [for] this in 2017." (*Id.*).

### B. NYSDHR Investigation

Defendant has attached to its motion a "Determination and Order After Investigation" ("Determination") issued by NYSDHR on February 1, 2017, Plaintiff's August 10, 2016 complaint ("NYSDHR complaint") that prompted the investigation, and a March 13, 2017 Dismissal and Notice of Rights letter issued by the EEOC ("right-to-sue letter"). (Dkt. Nos. 21-3; 21-2; 21-4).

Plaintiff's August 2016 NYSDHR complaint alleges that SUNY Cortland discriminated against him on the bases of his sex, age, and arrest record. (Dkt. No. 21-2, at 8). Plaintiff alleges that the discrimination occurred on July 21, 2016, when he was sixty-four years old. (Dkt. No. 21-2, at 8). The record indicates that NYSDHR forwarded a copy of Plaintiff's complaint to the EEOC, (Dkt. No. 21-2, at 7), and that NYSDHR and the EEOC each notified SUNY Cortland that a complaint had been filed against them. (Dkt. No. 21-2, at 1–2, 7–9). After investigating

---

² Plaintiff alleges that "when you pass the NYS Civil Service test you are rank[ed] according to test results," which "shows the person at the agency you score[d] high enough to be interview[ed]." (Dkt. No. 1-1, at 1).

4

Plaintiff's allegations, NYSDHR concluded that Defendant's decision not to hire Plaintiff could readily be explained by Plaintiff's low score on the school's reference-checking process, rather than by discrimination. (Dkt. No. 21-3, at 2). NYSDHR dismissed Plaintiff's complaint on February 1, 2017. (*Id.*).

On March 13, 2017, the EEOC adopted NYSDHR's findings. (Dkt. No. 21-4). That same day, the EEOC mailed Plaintiff a "right-to-sue" letter explaining that his file had been closed and that he had 90 days to bring a federal civil suit against Defendant. (*Id.*) The right-to-sue letter shows that the EEOC sent the letter to a Missouri address. (*Id.*; Dkt. No. 21-2, at 8).[3] The record gives no indication whether Plaintiff ever lived at the Missouri address, but the Complaint in the instant action avers that Plaintiff never received the letter. Specifically, Plaintiff asserts that "EEOC [h]as yet to issue a right to sue letter," even though Plaintiff "ask[ed for one] in 2017," (Dkt. No. 1-1, at 1) (emphases removed), and "call[ed] [the EEOC] a [number of] times" without receiving a response. (Dkt. No. 1).

---

[3] The record does not reflect any Missouri address for Plaintiff. In the August 2016 NYSHR complaint, Plaintiff provided an address in Burkburnett, Texas. (Dkt. No. 21-2). Plaintiff originally filed this action in the Northern District of Texas in November 2017, and he currently resides in Wichita Falls, Texas. (Dkt. No. 1).

5

C.     **Procedural Background**

On November 14, 2017—246 days after the EEOC mailed its right-to-sue letter to the Missouri address—Plaintiff commenced this action in the United States District Court for the Northern District of Texas. (Dkt. Nos. 1; 21-4). On June 22, 2018, United States District Judge Reed O'Connor transferred the action to this Court. (*See* Dkt. No. 13, at 1). On November 14, 2018, Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint: (i) is untimely; and (ii) fails to "include 'a short and plain statement of the claim showing that [Plaintiff] is entitled to relief'" as required by Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 21-5, at 4, 8).

III.   **APPLICABLE STANDARDS**

A.     **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007) (citations and internal quotation marks omitted). "The policy of

liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)). Although the court is "obligated to draw the most favorable inferences" that a plaintiff's complaint supports, the court "cannot invent factual allegations that he has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). The pleadings must still contain factual allegations that raise a "right to relief above the speculative level." *Twomblv*, 550 U.S. at 555.

### B. Consideration of Materials Outside the Complaint

"When passing on a motion to dismiss, . . . [t]he general rule is that if material outside the pleadings is presented in response to a motion to dismiss, the court 'must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Vollinger v. Merrill Lynch & Co., Inc.*, 198 F. Supp. 2d 433, 438 (S.D.N.Y. 2002) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000)). "That Rule, however, is aimed at ensuring that the plaintiff has notice of what the court might consider in deciding the motion," and the "need to convert a . . . motion . . . 'is largely dissipated' . . . when plaintiff has actual notice of all of the information in the movants papers and has relied upon these documents in framing the complaint.'" *In re Lehman Bros. Sec. and ERISA Litig.*, 799 F. Supp. 2d 258, 273 (S.D.N.Y. 2011) (quoting *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)). In such circumstances, "the court may permissibly consider documents other than the complaint . . . . Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). "In addition, even if not attached or incorporated by reference, a document upon which [the complaint] *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on such a motion." *Id.* (alteration in original) (internal quotation marks omitted). "Furthermore, the Court 'may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment.'" *Falcon v. City Univ. of N.Y.*, 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017) (quoting *Evans v. N.Y. Botanical Garden*, No. 02-cv-3591, 2002 WL 31002814, at *4, 2002 U.S. Dist. LEXIS 16434, at *11–12 (S.D.N.Y. Sept.4, 2002)).

## IV. DISCUSSION

### A. Consideration of the NYSHRD Investigation Documents and EEOC Right-to-Sue Letter

As a preliminary matter, the Court must determine which of the materials attached to Defendant's motion to dismiss, if any, may be properly considered for the purposes of deciding the motion. As noted above, these materials consist of: (i) Plaintiff's August 10, 2016 NYSDHR complaint, (Dkt. No. 21-2); (ii) the February 1, 2017 NYSHRD Determination, (Dkt. No. 21-3); and (iii) the March 13, 2017 EEOC right-to-sue letter, (Dkt. No. 21-4). Defendant contends that consideration of the materials is appropriate, without converting their motion to one for summary judgment, because "the court may take judicial notice of the public records and reports of relevant administrative bodies, as well as the facts set forth therein," "where exhaustion of administrative remedies is a prerequisite to bringing suit." (Dkt. No. 21-5, at 7 (quoting *Holmes v. Fresh Direct*, No. 13-cv-4657, 2015 WL 4885216, at *4, 2015 U.S. Dist. LEXIS 4885216, at *9 (E.D.N.Y. Aug. 5, 2015)).

Here, to substantiate his claims of discrimination, Plaintiff alleges many facts purportedly uncovered in the course of NYSDHR's investigation, as reported to him by "New York State Human Rights hearing investigation [sic] Mike Halbit." (Dkt. No. 1, at 1). According to Plaintiff, Halbit heard that SUNY hired someone outside their agency and SUNY refused to say whether "the person was male or female or over age 40," and that "they wanted a women [sic] in that job." (Dkt. No. 1-1, at 1; Dkt. No. 23). Plaintiff further alleges facts that appeared to also have come from that investigation: the "person hire[d] did not have the experience they were looking for"; and "[t]hey were looking to hire [that] person when the new list came from NYS Civil Service[,] as this person was not on the current list [Plaintiff] was on." (Dkt. No. 1-1, at 1). Plaintiff was plainly aware of the content of his complaint to the state agency and the outcome of

9

its investigation. (Dkt. No. 1-1, at 1). Accordingly, the materials relating to the NYSDHR investigation will be considered by the Court as either integral to the Complaint or incorporated therein by reference. *See Wilson v. Family Dollar Stores*, No. 06-cv-639, 2007 WL 952066, at *3, 2007 U.S. Dist. LEXIS 23083, at *11 (E.D.N.Y. Mar. 29, 2007) ("Second Circuit courts have repeatedly held that when EEOC charges are expressly referred to in the pleadings, they may be considered incorporated by reference. Therefore, although not attached to the district court complaint, plaintiff's NYSDHR complaint will be considered incorporated by reference.").

Moreover, the EEOC charge and NYSDHR determination are public records of which the Court may take judicial notice. *See Muhammad v. N.Y.C. Transit Auth.*, 450 F.Supp.2d 198, 204–05 (E.D.N.Y. 2006) ("[P]laintiff's EEOC charge and the agency's determination are both public records, of which this Court may take judicial notice."); *Fraticelli v. Good Samaritan Hosp.*, No. 11-cv-3376, 2012 WL 4069292, at *3, 2012 U.S. Dist. LEXIS 135794, *8–9 (S.D.N.Y. July 23, 2012) (same); *Amaya v. Ballyshear, LLC*, 295 F. Supp. 204, 217 (E.D.N.Y. 2018) (stating that a court may "take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment" (internal quotation marks omitted)). Accordingly, even though Plaintiff asserts that he did not receive the March 2017 right-to-sue letter from the EEOC, the Court will take judicial notice of the document. *See Sternkopf v. White Plains Hosp.*, 2015 WL 5692183, at *4 (S.D.N.Y. Sept. 25, 2015) (taking judicial notice of NYSDHR complaint, NYSDHR determination, and EEOC right-to-sue letter).

**B.      Timeliness of Plaintiff's Claims**

In order to be timely, claims under Title VII and the ADEA must be filed within 90 days after receipt of the right-to-sue letter from the EEOC. *Singletary v. Sentry Group (SAFE)*, No. 10-cv-6627, 2011 WL 2149104, at *5, 2011 U.S. Dist. LEXIS 58193, at *12–13 (W.D.N.Y. May 31, 2011) (citing *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010)) (Title VII), and *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (ADEA)). Courts in the Second Circuit "presume[] that a mailed document is received three days after its mailing . . . and that the notice is presumed to have been mailed on the date shown on the notice." *Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 63 (2d Cir. 2018) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir.1996)). However, "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Sherlock*, 84 F.3d at 526. "When such evidence is presented, it creates an issue of fact as to the date of receipt which should not be decided by the Court on a motion to dismiss." *Smith v. Chase Manhattan Bank*, No. 97-cv-4507, 1998 WL 642930, at *4, 1998 U.S. Dist. LEXIS 14711, at *12 (S.D.N.Y. Sept. 18, 1998).

Defendant argues that Plaintiff's Title VII and the ADEA claims are untimely because his Complaint was not filed within 90 days of Plaintiff's receipt of the EEOC's March 13, 2017 right-to-sue letter. (Dkt. No. 21-5, at 7 (citing Dkt. No. 21-4)). Here, however, the documents in the record indicate that the March 13, 2017 right-to-sue letter attached to Defendant's motion was sent by the EEOC to an address in Richland, Missouri. (Dkt. No. 21-4). The record further indicates that Plaintiff was living in Texas when he filed his NYSHRD complaint on August 15, 2016. (Dkt. No. 21-2, at 8). The Missouri address, which is of unknown origin, appears nowhere else in the record. Plaintiff alleges that, even after he called "a [number] of times," (Dkt. No. 1,

11

at 1), the EEOC "never mail[ed] a right-to-sue letter," (Dkt. No. 23), and he has not received a right-to-sue letter from the EEOC to date, (Dkt. No. 23, at 1).

While Defendant is correct that a claimant "bears the burden of ensuring that the agency possesses their current address," *Gonzalez v. Legends Hosp.*, No. 14-cv-6478, 2017 WL 1166344, at *4, 2017 U.S. Dist. LEXIS 45032, at *10 (E.D.N.Y. Mar. 27, 2017), there is no indication that Plaintiff failed to do so here. Unlike *Gonzalez*, the facts alleged here do not indicate that Plaintiff simply moved after filing a complaint with the state agency or EEOC without notifying them of his new address. *Id.* Rather, Plaintiff alleges that the EEOC never mailed a right-to-sue letter to him in Texas, and that he has not received a right-to-sue letter to date. Accordingly, the "allegations in the Complaint are sufficient to prevent the Court from dismissing plaintiff's federal claims as untimely." *Froehlich v. Holiday Org., Inc.*, No. 11-cv-2977, 2012 WL 4483006, at *4, 2012 U.S. Dist. LEXIS 139610, at *12 (E.D.N.Y. Sept. 27, 2012) (collecting cases and noting that "[n]umerous courts within the Circuit have held that the principle in Rule 12(b)(6) motions that a pleading's factual allegations must be taken as true applies to allegations that a plaintiff did not receive his EEOC letter within three days after the EEOC mailed it" (internal quotation marks omitted)).[4]

Because the Court declines to apply the three-day presumption at this stage of the proceedings, Defendant's motion to dismiss Plaintiff's Title VII and ADEA claims on the grounds of untimeliness is therefore denied as premature.

---

[4] Defendant further argues that, because Plaintiff failed to inform the EEOC of his change of address, he is not entitled to equitable tolling of the 90-day limitation period. (Dkt. No. 25, at 7). Because the Court has concluded that the three-day presumption is inapplicable at this stage of the litigation, however, it need not reach the issue of whether equitable tolling is warranted. "For now, it suffices that the . . . Complaint alleges that the EEOC's notice was mailed" to an incorrect address and was never received by Plaintiff. *Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 17-cv-685, 2017 WL 11269341, at *6 (N.D.N.Y. Nov. 2, 2017) (Lexis citation unavailable).

### C. Failure to State a Claim

Defendant further argues that, even if Plaintiff's claims are not untimely, they must be dismissed under Federal Rule of Procedure 12(b)(6). (Dkt. No. 21-5, at 8–9). Defendant contends that, because the Complaint contains only "conclusory" allegations "that he was not hired . . . due to his gender and/or age," Plaintiff has failed to satisfy the requirements of Rule 8 and, in any event, he has failed to state a Title VII or ADEA claim. (Dkt. No. 21-5, at 9).

#### 1. Rule 8

As an initial matter, Defendant's argument that Plaintiff has failed satisfy "even the lenient pleading standard of Rule 8" of the Federal Rules of Civil Procedure, (Dkt. No. 21-5, at 9), is unpersuasive.

Rule 8 requires that a complaint make a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the allegations provide Defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Wynder v. McMahon*, 360 F.3d 73, 77 (2d Cir. 2004). Even where a complaint is short and somewhat difficult to comprehend, "those flaws are not fatal given [a] Plaintiff's *pro se* status." *Diaz v. City Univ. of N.Y.*, No. 13-cv-2038, 2015 WL 5577905, at *9, 2015 U.S. Dist. LEXIS 126855, at *25 (S.D.N.Y. Sept. 22, 2015).

Here, Defendant is correct that, "at a minimum" a plaintiff must "assert nonconclusory factual matter sufficient to nudge[] [its] claims . . . across the line from conceivable to plausible" to avoid dismissal. *Port Authority*, 768 F.3d at 254 (internal quotation marks omitted). Defendant's argument, however, hinges primarily on the fact that some of the allegations in Plaintiff's opposition, (Dkt. No. 23), were not asserted in the Complaint. (Dkt. No. 25, at 8–9). In light of Plaintiff's *pro se* status, the Court will treat these allegations as if they were alleged in the Complaint, to the extent the allegations are consistent with his factual allegations made

elsewhere. *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n.1 (2d Cir. 1998) ("[I]n the Second Circuit, a pro se plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint—to the extent those papers are consistent with the allegations in the complaint.").

As explained below, viewed in their entirety, the facts alleged are adequate at this stage to state a claim under Title VII.

## 2. Title VII Claim

Title VII claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir.2015) (Title VII); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (ADEA). But the first step of the *McDonnell Douglas* analysis—establishment of a *prima facie* case—is "an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510 ("[W]e hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination [to avoid dismissal] . . . ."). As this motion is one to dismiss, the Court "focus[es] only on whether the allegations in the complaint give plausible support to the reduced prima facie requirements that arise under *McDonnell Douglas* in the initial phase of a litigation." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). To defeat a motion to dismiss, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). The plaintiff may meet the burden of showing a motivating factor "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* A complaint is sufficient "if it pleads specific facts that support a minimal plausible inference of such discrimination." *Doe v. Columbia University*, 831 F.3d 46, 56 (2d Cir. 2016).

The "Second Circuit has made clear that 'an inference of discrimination'" sufficient to avoid dismissal "'arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class.'" *EEOC v. Upstate Niagara Coop., Inc.*, No. 16-cv-842, 2018 WL 5312645, at *6, 2018 U.S. Dist. LEXIS 183904, at *17 (W.D.N.Y. Oct. 26, 2018) (quoting *Littlejohn*, 795 F.3d at 312–13); *accord Zimmerman v. Assocs. First Capital*

*Corp.*, 251 F.3d 376, 381 (2d Cir. 2001). "Within this Circuit, district courts have held that this standard applies with equal force in the failure-to-hire context." *Upstate Niagara Coop.*, 2018 WL 5312645, at *6, 2018 U.S. Dist. LEXIS 183904, at *17–18 (citing *Szewczyk v. City of N.Y.*, No. 15-cv-918, 2016 WL 3920216, at *6, 2016 U.S. Dist. LEXIS 91856, at *16 (E.D.N.Y. July 14, 2016)).

Here, considering the allegations in the light most favorable to the non-movant, Plaintiff alleges that he and a woman applied for the same position. (Dkt. No. 1; Dkt. No. 23, at 1). He alleges that he was the more qualified candidate: though both Plaintiff and the woman had keyboarding skills, she lacked Plaintiff's experience with courts and police, qualities that SUNY Cortland was allegedly seeking. (Dkt. No. 1; Dkt. No. 23, at 1; Dkt. No. 1-1). Finally, Plaintiff alleges that Defendant refused to hire him. *See Littlejohn*, 795 F.3d at 311; *see also* 42 U.S.C. § 2000e-2(a)(1) (listing "refus[al] to hire" as one of several possible adverse employment actions).[5] Relevant to discriminatory intent, Plaintiff alleges that: (i) a SUNY Cortland Human Resources Administrator disclosed that "they wanted a [woman] in that job," (Dkt. No. 23, at 1);[6] (ii) Defendant hired a candidate outside of his protected class; and (iii) the candidate Defendant hired was less qualified, lacking Plaintiff's experience with courts and police, (Dkt. No. 1; Dkt. No. 23, at 1).

---

[5] Defendant points to NYSDHR's Determination and Order After Investigation—a document, as noted above, incorporated into the complaint by reference—as support for its argument that Plaintiff was not qualified for the position. (Dkt. No. 25, at 10 n.1; Dkt. No. 21-3). The Order, in relevant part, indicates that "the reason why [Plaintiff] wasn't chosen for the position" was that he "scored poorly during the reference checking process." (Dkt. No. 21-3, at 2). The Court, however, is not bound by the state agency's determinations which, in this case, directly conflict with Plaintiff's allegations that, notwithstanding the fact that he was qualified, (Dkt. No. 1-2, at 1), Defendant hired a less qualified candidate because they were "wanted a [woman] in that job," (Dkt. No. 23, at 1). At this stage of the proceedings the Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. *See Port Authority*, 768 F.3d at 253 (citing *ATSI*, 493 F.3d at 98).

[6] Defendant argues this statement "constitutes double hearsay and is inadmissible evidence that cannot defeat a motion to dismiss." (Dkt. No. 25, at 9) (citing *Bakery Salvage Corp. v. Maple Leaf Foods, Inc.*, 600 N.Y.S. 2d 874 (4th Dep't 1993)). But this argument is mistaken as a matter of federal law. *See, e.g., Campanella v. County of Monroe*, 853 F. Supp. 2d 364, 378 (W.D.N.Y. 2012) ("Neither *Twombly* nor *Iqbal* altered the rule that a plaintiff need not plead specific, admissible evidence in support of a claim, and a contrary rule would confuse the principles applicable to a motion to dismiss with those governing a motion for summary judgment." (citations omitted)).

Treating the allegations in Plaintiff's opposition as if they were in his Complaint, *see supra* Section IV.C.1, and viewing them in the light most favorable to Plaintiff, the Court concludes that Plaintiff has alleged sufficient "nonconclusory factual matter" to "nudge[] [his] claims . . . across the line from conceivable to plausible." *Port Authority*, 768 F.3d at 254 (internal quotation marks omitted). "[W]here, as here, the Complaint alleges that an employer hired someone outside of the aggrieved individuals' protected class, that is enough to raise an inference of discrimination at the motion to dismiss stage of litigation." *Upstate Niagara Coop.*, 2018 WL 5312645, at *6, 2018 U.S. Dist. LEXIS 183904, at *17–18 (citing *Szewczyk*, 2016 WL 3920216, at *6, 2016 U.S. Dist. LEXIS 91856, at *16–17 ("In the failure to hire context, an employer's choice of a less qualified employee not from plaintiff's protected class raises an inference of discrimination sufficient to establish a prima facie case of discrimination.")). The Court concludes that Plaintiff has provided "at least minimal support for the proposition that [SUNY Cortland] was motivated by discriminatory intent," *Littlejohn*, 795 F.3d at 311, with respect to Plaintiff's sex. Accordingly, Defendant's motion to dismiss Plaintiff's Title VII claim is denied.

### D. Sovereign Immunity

With respect to Plaintiff's ADEA claim, the Court notes that "[f]or Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party." *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 108 (2d Cir. 2001). While it is well established that "Title VII abrogates the states' Eleventh Amendment immunity," *Sirisena v. City Univ. of N.Y.*, No. 17-cv-7135, 2019 WL 1493220, at *3, 2019 U.S. Dist. LEXIS 58384, at *8 (E.D.N.Y. Mar. 31, 2019) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447–456 (1976)), "no waiver or congressional abrogation exists with respect to ADEA claims," *Id.* (citing *Kimmel v. Fla. Bd. of Regents*, 528 U.S. 62, 89 (2000)). "Whether a federal court has subject matter jurisdiction is a question that 'may be raised at any time . . . by the court *sua sponte*.'" *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000)). And, under 18 U.S.C. § 1915(e), the court "shall dismiss . . . at any time" actions that "seek[] monetary relief against a defendant who is immune from such relief." 18 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's ADEA claim is therefore dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) because it is barred by Eleventh Amendment immunity.

### V. CONCLUSION

For these reasons, it is hereby

ORDERED that Plaintiff's ADEA claim against SUNY Cortland is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(iii) because it is barred by Eleventh Amendment immunity; and it is further

ORDERED that Defendant's motion to dismiss (Dkt. No. 21) the Title VII cause of action is **DENIED**; and it is further

ORDERED that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

_____
Brenda K. Sannes
U.S. District Judge

Dated: August 14, 2019
       Syracuse, New York